# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KIM DARBY SAENZ, <br><br> Defendant. | No. CR 03-4089-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING THE GOVERNMENT'S MOTION FOR CORRECTION OF SENTENCE** |

_____

On March 23, 2006, the court entered its Memorandum Opinion And Order Regarding Resentencing (docket no. 55) following remand from the Eighth Circuit Court of Appeals. *See United States v. Saenz*, ___ F. Supp. 2d ___, 2006 WL 740085 (N.D. Iowa March 23, 2006). In that order, the court sentenced defendant Kim Darby Saenz, now known as Kimberly Edwards, to 20 months imprisonment on Count 1 of the Information, with credit for time served.[1] This sentence was precisely the same as the sentence originally imposed on the defendant, which the Eighth Circuit Court of Appeals had reversed and vacated on the government's appeal on the ground that this court's reduction in the sentence for the defendant's "substantial assistance" (from a Guidelines minimum sentence of 63 months) was "excessive" and "unreasonable" under the circumstances presented. *United States v. Saenz*, 428 F.3d 1159, 1164-65 (8th Cir. 2005). However, on remand, on the basis of recent data from the United States Sentencing Commission, this court found that the Eighth Circuit Court of Appeals was mistaken in the notion that a 50 percent reduction in sentence for substantial assistance was

_____

[1]The court also directed that the additional terms and conditions imposed in the June 9, 2004, judgment in this case should remain in full force and effect.

"extraordinary," and that the circumstances presented in this case, including evidence of threats and intimidation suffered by the defendant and her family members as the result of her cooperation with authorities, which had not been presented at her original sentencing, made a reduction of 68 percent, from 63 months to 20 months, entirely appropriate, where the record now firmly established that the defendant's assistance was "extraordinary." An Amended Judgment (docket no. 56) entered accordingly on March 27, 2006.

This matter comes before the court pursuant to the government's March 30, 2006, Motion For Correction Of Sentence (docket no. 57). In its motion, the government points out that Rule 43(a) of the Federal Rules of Criminal Procedure requires that the defendant be present at sentencing. Therefore, the government requests that the court impose sentence with the defendant present in open court. On April 18, 2006, finding that the defendant had made no timely response to the government's motion, the court ordered the defendant to respond by April 21, 2006. *See* Order of April 18, 2006 (docket no. 60). That same day, the defendant filed a resistance to the government's motion (docket no. 61), in which she asserts that her presence at the resentencing hearing on March 3, 2006, satisfied the requirements of Rule 43(a), and that she need not be present at the entry of the subsequent written order, citing *United States v. Weir*, 724 F.2d 94 (8th Cir. 1984). Therefore, she requests that the government's motion be overruled, because it is without merit.

The unedited "real time" transcript (Transcript) of the March 3, 2006, resentencing hearing reveals that, shortly after the hearing began, the court stated its intention to take the sentencing under advisement and subsequently to enter a written ruling imposing sentence and, further, that the court offered the parties the opportunity to object to such a procedure, as follows:

> THE COURT: Okay. Well, before we get to that, I do have a couple of questions for you, Mr. Fletcher. I didn't want to—there are a couple things I want to mention. I think you all know I've been quite ill, and I'm kind of behind the eight ball. I don't think I'm prepared to announce my sentence at the end of the sentencing today. And I'm going to take it under advisement. And I've looked at the rule, and I think I have a right to take it under advisement, and other judges have taken sentencings under advisement. It's just too complicated. I haven't been able to give it all the thought that it needs, and I'm just not going to rule off the top of my head, and I'm probably going to enter a pretty thorough written ruling that would actually impose a sentence. So I wanted to actually raise that, see if anybody had any objection to it. And then we can talk about how to do it at the end, if we should all come back or if I should just file it or we can talk about those issues later on.

Transcript at 6-7. Shortly thereafter, the government responded to the court's statement of its plan to take the resentencing under advisement and subsequently to enter a written ruling, as follows:

> MR. FLETCHER: Yes, Your Honor. First of all, on the issue of you wanting to take this under advisement, as you recall, Monday with what was going on with your health and also trying your other commitments, we had attempted to move this, but I believe Mr. Hrvol's e-mail address [I] recollect we'd had some problem getting ahold of him, and I appreciate you allowing me to file my brief late, but I called your office and then we—because of the witnesses coming here, it's probably better we get their evidence on today anyway.
> THE COURT: Yes.
> MR. FLETCHER: So I have no problem with that. I think that's the first issue you've raised.
> THE COURT: Okay. I appreciate that.

3

Transcript at 8. Thus, assuming for the moment that the government had any right to demand imposition of sentence in open court, the Transcript clearly shows that the government waived that right during the resentencing hearing.

Unfortunately, there is no such *express* waiver by the defendant in the Transcript. There is, at best, an implicit waiver by the defendant: At the conclusion of the hearing, the court asked defense counsel if there was "[a]nything further," and defense counsel responded, "No, Your Honor. Thank you." Transcript at 74. At that point, the hearing was adjourned. *Id*. Even so, it was clear to the court at the time that the court raised the issue that the defendant concurred in the court's suggested procedure, and the defendant never raised any objection at any time to the court taking the resentencing under advisement and subsequently entering a written ruling actually imposing sentence.

Rule 43(a) of the Federal Rules of Criminal Procedure, upon which the government relies, provides for the "Defendant's Presence" during criminal proceedings, as follows:

> **(a) When Required.** Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:
> **(1)** the initial appearance, the initial arraignment, and the plea;
> **(2)** every trial stage, including jury impanelment and the return of the verdict; and
> **(3)** sentencing.
> **(b) When Not Required.** A defendant need not be present under any of the following circumstances:
> **(1) Organizational Defendant.** The defendant is an organization represented by counsel who is present.
> **(2) Misdemeanor Offense.** The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence.

> **(3) Conference or Hearing on a Legal Question.** The proceeding involves only a conference or hearing on a question of law.
> **(4) Sentence Correction.** The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).
>
> **(c) Waiving Continued Presence.**
> **(1) In General.** A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:
>> **(A)** when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
>> **(B)** in a noncapital case, when the defendant is voluntarily absent during sentencing; or
>> **(C)** when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.
>
> **(2) Waiver's Effect.** If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence.

FED. R. CRIM. P. 43. A defendant likewise has a due process right to be present "'at any stage of the criminal proceeding that is critical to the outcome if his presence would contribute to the fairness of the procedure.'" *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005) (quoting *United States v. Novaton*, 271 F.3d 968, 998 (11th Cir. 2001)); *United States v. Jacques*, 321 F.3d 255, 262 (2d Cir. 2003) ("Both the Constitution and the Federal Rules of Criminal Procedure grant a criminal defendant the

right to be present during sentencing."). However, this due process right has been held to be narrower than the right to be present under Rule 43. *Id.* (citing *United States v. Boyd*, 131 F.3d 951, 953 n.3 (11th Cir. 1997), which in turn cites *United States v. Washington*, 705 F.2d 489, 497 n.5 (D.C. Cir. 1983); *United States v. Christopher*, 700 F.2d 1253, 1262 (9th Cir. 1983); *United States v. Alessandrello*, 637 F.2d 131, 138 (3d Cir. 1980); *United States v. Brown*, 571 F.2d 980, 986-87 (6th Cir. 1978)).

It is plain that the right at issue here *belongs to the defendant*. *See, e.g., United States v. Arrous*, 320 F.3d 355, 360 (2d Cir. 2003) ("The current rule arises out of respect for a defendant's right to be present at a sentencing proceeding, to allocute, and to respond to the definitive decision of the sentencing judge.") (citing *United States v. Behrens*, 375 U.S. 162, 167-68 (1963) (Harlan, J., concurring), and *United States v. Johnson*, 315 F.2d 714, 717 (2d Cir. 1963)); *see also United States v. Alvarez-Pineda*, 258 F.3d 1230, 1241 (10th Cir. 2001) ("'The imposition of punishment in a criminal case affects the most fundamental human rights: life and liberty.'") (quoting *United States v. Villano*, 816 F.2d 1448, 1452 (10th Cir. 1987) (*en banc*) (dicta)). Thus, the court has considerable doubt that the government even has standing to complain that the sentence must be imposed with the defendant personally present. Moreover, while the defendant's waiver of her right to be present when her sentence is actually imposed may not be explicit on the record made at the March 3, 2006, hearing, the government's waiver of a further proceeding to impose sentence, with the defendant present, could not be clearer. *See* Transcript at 6-8 (as quoted above, the government expressly agreed to the court taking the resentencing under advisement and entering a written order after the hearing). The government's waiver makes the court particularly skeptical of the government's motivation in moving to "correct" the sentence by requiring the defendant to be present when sentence is imposed, where the defendant is in California and would have to appear in Iowa for another

6

sentencing proceeding at her own expense.  Under the circumstances, the government's motion is, at the very least, mean spirited, and at worst, appears to be motivated by a punitive intent, where the resentencing proceedings resulted in imposition of exactly the same sentence as the court had originally imposed, rather than the considerably longer sentence that the government wanted.

Turning to the *defendant's* right to be present at imposition of sentence, that right has been strictly construed by the courts.  Indeed, the few Circuit Courts of Appeals to consider the question have ruled that sentencing via video conference violates the "presence" requirement of Rule 43.  *See United States v. Torres-Palma*, 290 F.3d 1244, 1248 (10th Cir. 2002) ("[V]ideo conferencing for sentencing is not within the scope of a district court's discretion."); *United States v. Lawrence*, 248 F.3d 300, 301 (4th Cir. 2001) (reaching the same conclusion); *United States v. Navarro*, 169 F.3d 228, 239 (5th Cir. 1999) (reaching the same conclusion).  Nevertheless, "the right to be present at one's sentencing 'does not translate into a right to be present whenever judicial action modifying a sentence is taken.'" *Parrish*, 427 F.3d at 1347 (quoting *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991)).  Also, a defendant in a non-capital case can waive this right, and a disruptive defendant can forfeit it.  *See United States v. Alvarez-Pineda*, 258 F.3d 1230, 1241 n.8 (10th Cir. 2001) (citing then Fed. R. Crim. P. 43(b), which is now Fed. R. Crim. P. 43(c)).

There is no suggestion here that the defendant forfeited her right to be present at the imposition of her sentence.  *See id.*; *see also* Fed. R. Crim. P. 43(c)(1)(C).  Nor is the defendant "voluntarily absent," because she "absconded" prior to the imposition of sentence.  *See Lawrence*, 248 F.3d at 305 (identifying "absconding" as one circumstance that satisfies the "voluntary absence" condition of then Rule 43(b)(3), now Rule 43(c)(1)(C)).  On the other hand, this case does fit the "voluntary absence" condition in

7

the sense of a defendant who makes a "knowing and understanding waiver" of her presence at the imposition of sentence. *See id.* at 304 ("voluntariness" within the meaning of the waiver provisions of Rule 43 includes a "knowing and understanding waiver" of the right to be present, citing *Ricketts v. Adamson*, 483 U.S. 1, 8-11 (1987)). Here, the court finds that the defendant was well aware of and understood the court's suggestion that the court take the sentencing under advisement and subsequently enter a written order imposing sentence, and was also aware and understood that the court was inviting her to make any objections she might have to that suggestion, because the court clearly stated both its suggestion and its invitation to object during the March 3, 2006, resentencing hearing. *See* Transcript at 6-7. The defendant just as clearly never voiced any objection to proceeding in that fashion and clearly, though implicitly, indicated her intention to waive her presence at a further proceeding to impose sentence. *See* Transcript at 74 (the defendant had nothing further to assert at the conclusion of the hearing, after the court had made clear at the outset of the hearing that it wished to know if any party had an objection to taking the sentencing under advisement and subsequently entering a written order imposing sentence).[2] Certainly, the defendant is now operating under the belief that her presence is not required at the imposition of sentence, where she was present at the resentencing hearing, and only the imposition of sentence was to occur by subsequent written order, because she has cited *United States v. Weir*, 724 F.2d 94 (8th Cir. 1984), in her resistance to the government's motion for the proposition that her presence at the

---

[2]The court could "perfect" or "confirm" the defendant's waiver by scheduling a hearing to impose sentence in open court, and if the defendant did not appear, find that she was "voluntarily absent." However, doing so would seem to the court to be an unnecessary elevation of form over substance.

imposition of sentence was not required where she had been present for the resentencing hearing.[3]

Moreover, the court *is not* convinced that the defendant's presence at the imposition of sentence in open court would be required under the circumstances of this case, while the court *is* convinced that her presence at the resentencing hearing on March 3, 2006, has already satisfy the requirements and rationale of Rule 43. These matters warrant further exploration.

The defendant's presence is not required for the correction of an illegal sentence pursuant to Rule 35, correction of a clerical error in a sentence pursuant to Rule 36, or resentencing pursuant to a mandate from the appellate court to resentence the defendant to the same sentence originally imposed, while correcting other errors. *Parrish*, 427 at 1347-48; *see also United States v. Bly*, 328 F.3d 1262, 1265 (10th Cir. 2003) (citing cases holding that corrective, non-discretionary increases to sentences may be summarily imposed in § 2255 proceedings to offset previously granted reductions, but generally it is a "'central principle of the criminal justice system'" that a defendant has a right to be present at sentencing) (quoting *Torres-Palma*, 290 F.3d at 1248). More to the point here, as the Second Circuit Court of Appeals has explained,

---

[3]The court is not convinced that *Weir* stands for as broad a proposition as the defendant asserts. In *Weir*, the defendant was present at the sentencing hearing when the magistrate judge orally imposed a sentence of six months imprisonment for failure to file an income tax return, but objected to his absence when a written order of sentence was subsequently executed. *Weir*, 724 F.2d at 95. The Eighth Circuit Court of Appeals held that the defendant was not prejudiced, "[b]ecause the oral sentence and not the written order constitutes the actual judgment of the court." *Id*. In the present case, there was no oral imposition of sentence followed by a written order executing the sentence; rather, the court took the final sentence under advisement, intending to impose the sentence by written order only.

9

> The law recognizes a distinction between a proceeding by which the district court corrects or changes a pre-existing sentence, and one where the district court re-enters a sentence which has been vacated or set aside by the Court of Appeals. *See United States v. Suleiman*, 208 F.3d 32, 40-41 (2d Cir. 2000); *United States v. Londono*, 100 F.3d 236, 242 (2d Cir. 1996); *United States v. Moree*, 928 F.2d 654, 655-56 (5th Cir. 1991). In the former situation, we have held that a defendant need not be present; while in the latter, a defendant has a constitutional right to be present, because technically a new sentence is being imposed in place of the vacated sentence. *See United States v. Johnson*, 315 F.2d 714, 716-17 (2d Cir. 1963) (recognizing defendant's fundamental right to be present when new sentence is imposed).

*United States v. Arrous*, 320 F.3d 355, 359 (2d Cir. 2003). In the case before it, the Second Circuit Court of Appeals held that, "[s]ince [the defendant's] sentence has been vacated and remanded, his presence cannot be excused under Rule 43(c)." *Id.* at 359-60. Similarly, here, Saenz's original sentence was vacated and the case was remanded by the Court of Appeals for resentencing; thus, at least at first blush, her presence at the imposition of a new sentence would appear to be required.

However, that is not the end of the matter. The Supreme Court has held that "enlarging the sentence in the absence of the [defendant] . . . was so plain [an error] in light of Rule 43" that it should be dealt with even when the error has not been alleged. *Bartone v. United States*, 375 U.S. 52, 53 (1963). In this case, the court did not ultimately "enlarge" the defendant's sentence, so that this case does not involve the sort of "plain error" abhorred in *Bartone*. Furthermore, the Fifth Circuit Court of Appeals has held that, "'where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous.'" *United States v. Erwin*, 277 F.3d 727, 731 (5th Cir. 2001) (quoting *United States v. Pineda*, 988 F.2d 22,

23 (5th Cir. 1993)). This is so, even if the defendant is generally entitled to be present when the district court is imposing a new sentence after the original sentence has been set aside, rather than merely modified. *Id.* at 731. Thus, in *Erwin*, the court held that the defendant was not entitled to be present for the imposition of a new sentence, after the court had reversed the defendant's conviction on one count, and the district court only reduced the sentence in light of reversal of that count. *Id.* Here, the Eighth Circuit Court of Appeals did not set aside "the entire sentencing package," because it left intact everything but the extent of the court's downward departure for substantial assistance. Also, the defendant's presence at the actual imposition of sentence would not be required under *Erwin*, because the court did not make the sentence more onerous, but instead, imposed exactly the same sentence as it had originally imposed. *Id.*

Finally, the court finds that the purposes of the "presence" requirement in Rule 43 have already been served here. As the Eleventh Circuit Court of Appeals has explained, "The rationale for requiring a defendant to be present at sentencing is 'to ensure that at sentencing—a critical stage of the proceedings against the accused—the defendant has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have.'" *Parrish*, 427 F.3d at 1347-48 (quoting *Jackson*, 923 F.2d at 1496). Similarly, the Second Circuit Court of Appeals has explained that "[t]he current rule arises out of respect for a defendant's right to be present at a sentencing proceeding, to allocute, and to respond to the definitive decision of the sentencing judge." *Arrous*, 320 F.3d at 360 (citing *United States v. Behrens*, 375 U.S. 162, 167-68 (1963) (Harlan, J., concurring); *United States v. Johnson*, 315 F.2d 714, 717 (2d Cir. 1963)). Here, the rationale identified by the Eleventh Circuit Court of Appeals has been fulfilled, because the defendant was present at the resentencing hearing on March 3, 2006, and had the opportunity at that critical stage of the proceedings to challenge the

accuracy of any information presented by the government or on which the court might otherwise rely, the opportunity to argue about the reliability and weight such information should be given, and to present her mitigating evidence. *Parrish*, 427 F.3d at 1347-48. Moreover, the defendant's right to be present at the critical phase of sentencing has been respected, at least to the extent that her presence at the resentencing hearing on March 3, 2006, afforded her the opportunity to present or challenge information presented during the resentencing hearing and to allocute. *Arrous*, 320 F.3d at 360. In short, the court believes that the defendant has been fully and fairly heard on all sentencing issues. Moreover, from a due process perspective, the court cannot find that the defendant's "'presence [at the imposition of sentence in this case] would contribute to the fairness of the procedure.'" *Parrish*, 427 F.3d at 1347 (stating the narrower, due process standard, quoting *Novaton*, 271 F.3d at 998).

THEREFORE, the government's March 30, 2006, Motion For Correction Of Sentence (docket no. 57) is **denied**. The court will not impose upon the defendant the onerous and unnecessary burdens of returning to this forum for the imposition of sentence in open court, when she has waived her presence at the imposition of sentence and has agreed to imposition of sentence by written ruling after a thorough resentencing hearing at which she was present. The court's March 23, 2006, order imposing sentence and the March 27, 2006, Amended Judgment following from that order shall stand.

**IT IS SO ORDERED.**

**DATED** this 24th day of April, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA